IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHAWN MCLOUGHLIN, ROBERT MILLER, ANGELO SOFOCLEOUS, ANDREW LEWIS, CHEYNE BUNNETT, TOM ROBERTSHAW, and OLIVIA SCOTT (as the personal representative of the ESTATE OF RUSSELL SCOTT),

Plaintiffs,

v.

CANTOR FITZGERALD, L.P., BGC HOLDINGS, L.P., and NEWMARK HOLDINGS, L.P.,

Defendants.

Civil Action No. 23-256-CFC

---

**MEMORANDUM ORDER**

Plaintiffs Shawn McLoughlin, Robert Miller, Angelo Sofocleous, Andrew Lewis, Cheyne Bunnett, Tom Robertshaw, and Olivia Scott (as the personal representative of the estate of Russell Scott) filed this putative class action against three affiliated Delaware limited partnerships: Defendants Cantor Fitzgerald, L.P. (Cantor Fitzgerald), BGC Holdings, L.P. (BGC), and Newmark Holdings, L.P. (Newmark). D.I. 42. Plaintiffs alleged four claims in the operative Second Amended Complaint. In Count I, Plaintiffs alleged that Defendants Cantor

Fitzgerald and BGC employed non-compete provisions in partnership and separation agreements in violation of § 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. D.I. 42 ¶¶ 217–22. In Count II, Plaintiffs sought a judgment against all Defendants in the form of a declaration that the challenged non-compete provisions are unenforceable as a matter of law because they violate the Sherman Act and that Defendants wrongfully withheld from Plaintiffs and their proposed class vested property interests through the exercise of the non-compete provisions. D.I. 42 ¶¶ 224–25. In Count III, Plaintiffs alleged a breach of contract claim against all Defendants. D.I. 42 ¶¶ 227–29. In Count IV, McLoughlin and Sofocleous alleged that all Defendants breached the implied covenant of good faith and fair dealing. D.I. 42 ¶¶ 231–33.

I dismissed Counts I, II, and III because Plaintiffs had not pleaded an antitrust injury. D.I. 53 at 4–8. I dismissed Count IV because McLoughlin and Sofocleous had not alleged subjective bad faith as required to sustain under Delaware law a claim for a breach of the implied covenant of good faith and fair dealing in the context of a partnership agreement. D.I. 53 at 12. Plaintiffs appealed to the Third Circuit, which affirmed my decision. *McLoughlin v. Cantor Fitzgerald L.P.*, 162 F.4th 378, 396 (3d Cir. 2025).

Pending before me is Defendants' Motion for Attorney Fees and Costs. D.I. 60. Defendants make four arguments in support of their motion. I address them in turn.

I.

Defendants argue first that they are entitled to recover their attorneys' fees pursuant to an indemnification provision found in each of Defendants' partnership agreements. (McLoughlin and Miller were limited partners of BGC and Newmark and accordingly executed BGC and Newmark's partnership agreements. Sofocleous, Lewis, Bunnett, Robertshaw, and Russell Scott were limited partners of Cantor Fitzgerald and accordingly executed Cantor Fitzgerald's partnership agreement.) The indemnification provision states that any limited partner "that breaches his, her or its Partner Obligations shall indemnify the Partnership for and pay any resulting attorneys' fees and expenses of the Partnership, as well as any and all damages resulting from such breach." D.I. 20-1 at 45 (BGC); D.I. 20-2 at 42 (Newmark).[1] Defendants say that "[t]his language creates a mandatory obligation ('shall indemnify') that is triggered by a breach of a Partner's

[1] The Cantor Fitzgerald partnership agreement does not appear in the record, but Plaintiffs do not dispute that it contains the same provision. *See McLoughlin*, 162 F.4th at 384 n.3 ("The Former Partners attached only BGC's and Newmark's partnership agreements to the Complaint but alleged that Cantor Fitzgerald's partnership agreement is substantially identical and pleaded certain of its provisions.").

Obligations, including the obligation to refrain from engaging in Competitive Activity." D.I. 61 at 6 (footnote omitted). But Defendants did not allege in this case a breach of contract claim against any Plaintiff and, thus, there has not been in this case any adjudication of whether any Plaintiff breached a Partnership Obligation under any of the three partnership agreements. Accordingly, the indemnification provisions in the agreements do not entitle Defendants to recover their attorneys' fees here.

II.

Defendants next argue that they are entitled to reimbursement of their attorneys' fees under a fee-shifting provision found in Miller's separation agreements with BGC and Newmark and in Sofocleous's separation agreement with Cantor Fitzgerald. That fee-shifting provision provides:

> Partner agrees that if Partner brings an action, claim or proceeding against [the corresponding Defendant] or any Affiliate . . . (each a "Person") that relates to or implicates this Agreement, whether as to its validity, efficacy or otherwise, in the event that such Person should substantially prevail in such action, Partner shall pay the reasonable attorneys' fees of such Person.

D.I. 26-3 ¶ 8 (Miller and BGC); D.I. 26-4 ¶ 8 (Miller and Newmark); D.I. 26-5 ¶ 8 (Sofocleous and Cantor Fitzgerald). According to Defendants, because the Third Circuit affirmed my dismissal of all the claims Plaintiffs alleged in this case, Defendants "unequivocal[ly] and comprehensive[ly]" prevailed in the case, and,

therefore, the fee-shifting provisions "provid[e] a separate basis for Defendants to recover their reasonable attorneys' fees from Plaintiffs Miller and Sofocleous." D.I. 61 at 10.

I agree that the fee-shifting provision requires Sofocleous to pay Cantor Fitzgerald the reasonable attorneys' fees it incurred in defending against Sofocleous's breach of the implied covenant claim in Count IV of the Second Amended Complaint. Cantor Fitzgerald prevailed on that claim, and the claim relates to and implicates the Cantor Fitzgerald partnership agreement.

I disagree, however, that the fee-shifting provision entitles Defendants to any other attorney fees. Count I is an antitrust claim, and Defendants have not identified any specific statutory authorization for an award of a defendant's attorneys' fees in an antitrust action. In *Byram Concretanks, Inc. v. Warren Concrete Products Co. of N.J.*, 374 F.2d 649, 650 (3d Cir. 1967), the Third Circuit held that "in the absence of specific legislative authorization attorneys' fees may not be awarded to defendants in private anti-trust litigation." Thus, Defendants cannot recover their attorneys' fees for Count I.

Defendants argue that *Byram*'s holding is limited to attorney fee awards made pursuant to a court's equitable powers. D.I. 68 at 1. But I do not read *Byram* so narrowly. The court in *Byram* "accept[ed] as true that the behavior of [the] plaintiff and its counsel [in that case] was unconscionable," but it held nonetheless

that the defendants could not recover their attorneys' fees "based on policy considerations reflected in the Clayton Act." 374 F.2d at 650–51. In the court's words:

> It is well known that a primary objective of the private treble damage suit is to provide a means for enforcement of the anti-trust laws in addition to Government prosecutions. The incentive which the prospect of treble damages provides for instituting private antitrust actions would be dampened by the threat of assessment of defendant's attorneys' fees and other costs as a penalty for failure.

*Id.* at 651. A contractual fee-shifting provision poses the same (if not a greater) threat of assessment of a defendant's attorneys' fees that the potential exercise of a court's inherent equitable powers poses. Accordingly, *Byram* precludes an award of attorneys' fees to Defendants in this case.

Defendants say that under *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885 (3d Cir. 1975), "[w]hen faced with a federal antitrust claim, District Courts look to state law when considering contractual provisions such as the indemnity at issue." D.I. 68 at 2 (citing *Three Rivers*, 522 F.2d at 888, 891). But *Three Rivers* did not address the appropriateness of an award for attorneys' fees in a private antitrust case. Nor did it consider an indemnity provision (or a fee-shifting provision) in a contract. In *Three Rivers*, "the question before th[e] panel [wa]s whether federal common law or state law should be used to interpret the contract by which [the plaintiff] allegedly released its private antitrust cause of

action." 522 F.2d at 888. The court concluded that state law should be used because "[s]tate law customarily governs the field of contracts and it is to state rather than federal law that private parties are likely to refer when formulating the terms of a contractual release" and because "[a]pplying state law to interpret private antitrust causes of action will not frustrate the federal enforcement of antitrust violations." *Id.* at 891. In discussing the latter point, the court cited *Byram* for the proposition that "Congress enacted this private cause of action as a supplemental means for the enforcement of the antitrust laws, paralleling the public cause of action enforceable by the Government." *Id.* (citing *Byram*, 374 F.2d at 651). And the court explained that "[s]ince release of the private cause of action in no way dilutes the government's remedies against the antitrust violator, federal policy would not seem to require the condemnation of releases which are otherwise valid under the various state laws." *Three Rivers*, 522 F.2d at 892. By contrast, in *Byram*, the court held that the threat of an attorney-fee award *does* dilute the government's remedies against antitrust violators because it "dampen[s]" the incentive to institute private antitrust actions. 374 F.2d at 651.

Because Defendants cannot, as a matter of law, recover their attorneys' fees for Count I, I will not award them any such fees for Counts II and III. Defendants argued in support of their motion to dismiss that the declaratory judgment claim in Count II "should be dismissed, because . . . Plaintiffs fail[ed] to allege a Sherman

Act claim" and that "[b]ecause Plaintiffs' antitrust claim fails, the breach of contract claim [in Count III] also fails." D.I. 45 at 19. I agreed with this assessment of the claims when I dismissed the claims. *See* D.I. 53 at 7 ("Counts II and III are both premised on an actionable Sherman Act violation."). So did the Third Circuit when it affirmed the dismissal order. *See McLoughlin*, 162 F.4th at 393 ("Counts II and III depend on Count I for their success."). Consistent with their approach throughout the case, Defendants did not distinguish in their briefing filed in support of the pending motion their work in defending against Counts II and III from their work in defending against Count I. Accordingly, assuming but not deciding that the fee-shifting provision entitled Defendants to attorneys' fees for Counts II and III, I will exercise my discretion and not award Defendants any fees for defending against Counts II and III above what they are entitled to for defending against Count I (i.e., nothing).

III.

Defendants argued in their opening brief that they are entitled to $3,551.54 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1). D.I. 61 at 18. Plaintiffs countered that Defendants' asserted costs should be reduced to $1,819.53 "to account for those items not properly taxable as costs." D.I. 66 at 21. Defendants then narrowed their request for costs to $1,819.54. D.I. 68 at 11;

D.I. 68-1 at 1. Accordingly, I will grant the motion insofar as it seeks costs in that amount.

IV.

Finally, Defendants argue that Plaintiffs should be held jointly and severally liable for any attorneys' fees or costs I impose. As Defendants acknowledge in their brief, "[c]ourts have broad discretion in awarding attorneys' fees." D.I. 61 at 11. I will exercise that discretion and not hold Plaintiffs jointly and severally liable for the fee award I am imposing here. As noted above, I am awarding fees only for Defendants' defense of Count IV. That claim was alleged only by McLoughlin and Sofocleous, and of those two, only Sofocleous was subject to the fee-shifting provision. Accordingly, I will order only Sofocleous to pay the fees Defendants incurred in litigating Count IV.

I will, however, hold Plaintiffs jointly and severally liable for the costs awarded by this Memorandum Order.

* * * *

NOW THEREFORE, at Wilmington on this Twenty-ninth Day of September in 2026, it is HEREBY ORDERED that Defendants' Motion for Attorneys' Fees and Costs (D.I. 60) is GRANTED IN PART and DENIED IN PART. It is FURTHER ORDERED that

1. Plaintiff Angelo Sofocleous SHALL PAY Defendant Cantor Fitzgerald the reasonable attorneys' fees Cantor Fitzgerald incurred in litigating Count IV of the Second Amended Complaint.
2. Plaintiffs SHALL PAY Defendants costs in the amount of $1,819.53.
3. Plaintiffs are jointly and severally liable for the costs they must pay pursuant to this Memorandum Order.

CHIEF JUDGE